# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TONYA M. SHULER,**
**Claimant Below, Petitioner**

**FILED**

May 30, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0548** (BOR Appeal No. 2052405)
(Claim No. 2017003943)

**MENTOR MANAGEMENT, INC./REM,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tonya M. Shuler, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mentor Management, Inc./REM, by Jane Ann Pancake and Jeffrey B. Brannon, its attorneys, filed a timely response.

The issues on appeal are compensability, medical benefits, and overpayment. The claims administrator denied the claim for carpal tunnel syndrome on December 9, 2016. On that same date, it also denied a left carpal tunnel release and the medications Duloxetine HCL DR, Oxycodone-Acetaminophen, and Gabapentin in two separate decisions. Finally, on March 2, 2017, the claims administrator notified Ms. Shuler of an overpayment of $3,393.04. The Office of Judges affirmed the December 9, 2016, decisions and reversed the March 2, 2017, decision in its December 11, 2017, Order. The Order was affirmed by the Board of Review on May 25, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Shuler, a program director, alleges that she developed carpal tunnel syndrome in the course of and resulting from her employment. A March 18, 2016, treatment note by Vince Miele, M.D., indicates Ms. Shuler was treated for back and neck pain as well as tingling in the left hand and foot. She indicated that she began having neck problems ten to fifteen years prior. Dr. Miele recommended an EMG of the upper extremities. The EMG was performed on April 27, 2016, and showed bilateral carpal tunnel syndrome and possible C6 radiculopathy. Ms. Shuler returned to

1

Dr. Miele on May 10, 2016, for neck pain, left arm pain, numbness and tingling in the left upper and lower extremities, and back pain. Dr. Miele recommended Ms. Shuler be tested for autoimmune diseases that could be causing her symptoms. It was noted that she wanted to proceed with a left carpal tunnel release.

The June 27, 2016, Employees' and Physicians' Report of Injury indicates Ms. Shuler alleged that she developed carpal tunnel syndrome due to repetitive work with her hands. Dr. Miele completed the physician's section and diagnosed bilateral carpal tunnel syndrome. He opined that the condition was an occupational disease. On July 25, 2016, ChuanFang Jin, M.D., performed an independent medical evaluation in another claim, numbered 2016020719. Dr. Jin noted that Ms. Shuler had numbness in her left pinky finger that worsened after her injury[1]. Dr. Jin also noted that she had bilateral carpal tunnel syndrome that was not injury related. The claims administrator denied Ms. Shuler's request to add left carpal tunnel syndrome to claim number 2016020719.

In the case at bar, the claims administrator held the claim compensable for bilateral carpal tunnel syndrome on September 26, 2016. The claims administrator authorized a left carpal tunnel release on October 11, 2016, and Ms. Shuler underwent the surgery the following day. A November 2, 2016, treatment note by Dr. Miele indicates Ms. Shuler had undergone a left carpal tunnel release and developed complications in the form of ulnar nerve irritation and pain. The claims administrator authorized temporary total disability benefits from October 12, 2016, through November 30, 2016.

On November 19, 2016, Dr. Miele found that Ms. Shuler had developed constant numbness and pain in her fourth and fifth fingers but had an improvement in her thumb, second, and third finger numbness. She was unable to fully flex or extend her fourth and fifth fingers. Dr. Miele recommended left ulnar nerve exploration. Ms. Shuler was referred to the University of Pittsburgh Medical Center where she reported left hand pain and swelling. She underwent an exploration of the ulnar nerve at Guyon's canal on November 22, 2016, and there was no evidence of nerve injury. On December 1, 2016, Dr. Miele noted that she continued to have severe pain in her left hand and fingers.

On December 9, 2016, the claims administrator denied the claim for carpal tunnel syndrome. It found after investigation that Ms. Shuler did not engage in the type of repetitive forceful work activities that cause carpal tunnel syndrome. That same day it also denied a left carpal tunnel release and the medications Duloxetine HCL DR, Oxycodone-Acetaminophen, and Gabapentin. The claims administrator notified Ms. Shuler of an overpayment in the amount of $3,393.04 on March 2, 2017.

Ms. Shuler testified in a hearing before the Office of Judges on April 11, 2017, that her job duties include scheduling her staff and budgeting. The schedules had to be typed every week and she hand wrote them every day. She sometimes had to lift patients and her patients sometimes have behavior problems and have physically assaulted the staff. Ms. Shuler stated that she helps the patients make crafts, helps them use the restroom, and does a significant amount of paperwork.

---

[1] Ms. Shuler sustained a cervical injury in a separate work-related incident.

In a May 24, 2017, independent medical evaluation, Dr. Jin assessed neck pain with cervical strain; degenerative spine disease as seen on MRI; bilateral carpal tunnel syndrome; and suspected ulnar neuropathy. After a review of the evidence, Dr. Jin concluded that Ms. Shuler's job description suggests that her employment is not likely a significant contributor to her development of bilateral carpal tunnel syndrome. Dr. Jin concluded that the job duties did not put her at risk for occupational carpal tunnel syndrome. Her job duties were determined to be variable, which decreases the risk of occupational carpal tunnel syndrome.

The Office of Judges affirmed the denial of the claim for carpal tunnel syndrome; left carpal tunnel release; and the medications Duloxetine HCL DR, Oxycodone-Acetaminophen, and Gabapentin in its December 11, 2017, Order. In that Order, it also reversed the finding of an overpayment and found that no overpayment occurred. The Office of Judges found that several doctors and an EMG diagnosed carpal tunnel syndrome. Thus, the issue is whether the condition is work-related. Dr. Miele opined that the carpal tunnel syndrome was the result of an occupational disease; however, the Office of Judges found that he provided no explanation of how Ms. Shuler's work duties caused her to develop the condition. Furthermore, there is no indication in the evidentiary record that he ever reviewed her work duties.

The Office of Judges concluded that the only physician of record to adequately consider Ms. Shuler's work duties was Dr. Jin. Dr. Jin reviewed the job duties listed by Ms. Shuler and her supervisor. She concluded that Ms. Shuler's employment is unlikely to be a significant contributor to her carpal tunnel syndrome. Her job duties were variable and clerical work, like typing, is not a risk factor for occupational carpal tunnel syndrome according to the medical literature. The Office of Judges therefore affirmed the claims administrator's decision to reject the claim for carpal tunnel syndrome. Because the claim was not found to be compensable, medical benefits related to the noncompensable condition in the form of a left carpal tunnel release and the medications Duloxetine HCL DR, Oxycodone-Acetaminophen, and Gabapentin were also denied.

In regard to the overpayment, the Office of Judges determined that the clear language of West Virginia Code § 23-4-1c(h) (2009) states that "only overpayments resulting from an adjudicated final decision of an employer's protest can be collected from the future disability payments of a claimant." In this case, the alleged overpayment did not arise from an adjudicated final decision as required by statute. The Office of Judges therefore found that no overpayment occurred. It noted that its decision was supported by this Court's decision in *Ward v. M&G Polymers USA, LLC,* No. 12-0738 (W.Va. Jan. 12, 2014) (memorandum decision). The facts in that case are similar to the case at bar. In *Ward*, the claim was initially held compensable and temporary total disability benefits were granted. The claim was then rejected. This Court found in that case that no overpayment occurred as the claimant relied to his detriment on the claims administrator's initial approval of the claim and benefits. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 25, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Though Dr. Miele opined that Ms. Shuler's carpal tunnel

syndrome was work-related, he provided no explanation of how her job duties caused the condition to develop. Further, Dr. Jin reviewed the medical evidence, reviewed the job duties, and examined Ms. Shuler before concluding that the carpal tunnel syndrome was not work-related. Because the claim is not compensable, benefits for it were properly denied. The Office of Judges was also correct to find that no overpayment occurred.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 30, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4